MORRISON and another *v.* GLOBE PANORAMA Co. and others.[1]

*(Circuit Court, E. D. Missouri.* September 27, 1886.)

CORPORATIONS — FRAUDULENT ORGANIZATION AND MANAGEMENT — NOMINALLY
   PAID UP STOCK—FRAUDULENT DIVIDENDS—RECEIVERS.

   Where a corporation was organized with intent to defraud creditors and
subsequent purchasers of stock, and the stock was issued to the organizers of
the company as fully paid up, in consideration of the transfer of property to
the company worth one-eighth the par value of the stock; and the directors
of the company, in pursuance of a fraudulent scheme to wreck it, and appro-
priate its assets, voted notes to themselves for a pretended indebtedness, failed
to keep books showing the company's income and expenditures, as required
by law, and failed to pay the rent of a valuable leasehold property held by
the plaintiff with intent that it should be forfeited under a provision of the
lease; and all the officers of the company were inculpated; and *bona fide* pur-
chasers for value of stock, issued as aforesaid, filed their bill reciting said
facts, and praying for the appointment of a receiver, and that the defendants,
to whom the company's stock was issued, be compelled to pay the balance
due thereon to the company, and the par value of the stock held by plaintiffs
to them, and that said directors, and the other defendants who have received
fraudulent dividends, be compelled to repay the same: *held,* that the bill does
not state a case entitling plaintiffs to equitable relief.

In Equity.    Demurrer to bill.

This is a suit brought by the plaintiffs, on behalf of themselves
and other similarly situated stockholders in the Globe Panorama
Company, against said company and A. J. Cooper, I. R. Krum, T.
E. Patterson, J. E. Young, and G. S. Ingraham.

The bill states that said corporation was organized under the laws
of Illinois, and has its home office in Chicago; that its capital stock
is $200,000; that the articles of incorporation were filed by certain
irresponsible commissioners, and said Cooper, Krum, and Patterson,
but that the real incorporators were said Cooper, Krum, Patterson,
Young, and two other parties, all of whom were named in the articles
of incorporation as subscribers for stock, but that the parties not
joined as defendants only subscribed for one share each; that said
subscribers for the company's stock, with intent to cheat and defraud
the plaintiffs, and others who might become stockholders or creditors,
fraudulently caused property, worth only $25,000, to be conveyed to
said company for the sum of $200,000, and caused the whole of the
capital stock of said company to be issued to them in payment there-
for as fully paid up stock, though there remains due in reality, upon
the stock so issued, $175,000; that plaintiffs purchased stock so is-
sued, believing it to be fully paid up, and without notice of said fraud-
ulent acts; that the directors of said company, said Ingraham, Pat-
terson, and Cooper, have conspired together, and with others, to wreck
said company, and convey all the assets to themselves; that they have
not kept books, as required by the law of Illinois, showing the income
and expenditures of the company; that fraudulent dividends have

[1] Edited by Benj. F. Rex, Esq., of the St. Louis bar.

   v.28F.no.16—52

been paid by said directors to themselves and certain other stockholders, to the exclusion of plaintiffs; that the property conveyed to said company, as aforesaid, consists of a leasehold occupied by the company, and a painting in the building thereon; that the lease under which said company holds provides that, if the lessee fail to pay rent for the space of 30 days after it becomes due, the lessor shall be at liberty to declare the same forfeited, that, with the fraudulent design of having said leasehold forfeited, said directors have failed to pay the rent, and that two months' rent is now due, and the lease liable to be forfeited; that said directors have fraudulently voted that corporate notes, aggregating $3,000, be issued to them for a pretended indebtedness; that the only parties acting as officers of the company have been guilty of fraudulent acts and negligence, and for that reason the corporation is unable to appear as plaintiff, and assert the plaintiffs' rights; and that, if the directors were requested to bring an action to redress said wrongs, they would at once carry out their scheme to wreck said company before any court could interfere, and that if the property of the company is not taken out of their hands it will be wholly lost.    Wherefore, the complainants pray (1) that a receiver be appointed to take charge of the property pending this suit, and receive its income, and pay its rents, so as to prevent the forfeiture aforesaid; (2) that the receiver require the defendants to pay the amounts due from them on account of their said indebtedness for unpaid subscriptions for stock issued to them; (3) that an account be taken to ascertain the amount due from the defendants, and as to what dividends have been made, and that they be made to refund any dividends they have unlawfully made to themselves; (4) that the defendants be required to pay the plaintiffs the par value of the stock held by each of them respectively; (5) that, at the final hearing, said defendants be strictly enjoined and prohibited from negotiating said notes, fraudulently issued to them, and that they be required to surrender them for cancellation, and that they be enjoined from interfering with the property of the company in any way until a regular meeting of the stockholders thereof can elect officers who will lawfully and honestly represent the interests of the corporation, and faithfully discharge their duties as such officers; and for general relief.

The defendants demur on the following grounds, viz.: (1) That the bill does not contain any matter of equity whereon this court can grant any decree, or give to the plaintiffs any relief; (2) that the plaintiffs are not entitled, upon said bill, to the relief they pray; (3) that there is a defect of parties.

*Smith & Harrison* and *Herman & Reyburn*, for plaintiffs.

*Boyle, Adams & McKeighan*, for defendants.

TREAT, J., (*orally*.)    In this case there is a demurrer to the bill. The parties plaintiff, if they have any remedy under the statements

in the bill, would have it against their vendors of stock, under an action of deceit. Whether, under the facts stated, any such action would lie, it is not necessary for the court to determine. The present mode of proceeding is certainly unwarranted by any principles of equity. The demurrer is sustained, and bill dismissed.